```
* 1 0 4 7 0 6 2 5 7 7 *
```

**IN THE DISTRICT COURT OF COMANCHE COUNTY**
**STATE OF OKLAHOMA**

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

JUL 2 7 2020

By_____
Deputy

| | | |
|---|---|---|
| ED OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2020- $BCQ$ • |
| | ) | |
| BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

**COMES NOW** the Plaintiff, Ed Owens (hereinafter referred to as "Plaintiff") by and through his attorney, and for his cause of action against the Defendant Boehringer Ingelheim Pharmaceuticals, Inc. (hereinafter referred to as "Defendant Boehringer"), alleges and states the following:

### JURISDICTION AND VENUE

1. That Plaintiff Ed Owens is a resident of Comanche County, State of Oklahoma.

2. Defendant Boehringer is foreign corporation doing business in the State of Oklahoma.

3. That Defendant Boehringer is a manufacturer of the prescription drug Jardiance.

4. That Jardiance is a prescription drug sold in the State of Oklahoma.

### GENERAL FACTS

5. That Plaintiff was prescribed Jardiance on or about August of 2017 and has taken the prescription drugs for several years.

6. That the Defendant has been aware of the harmful side effects caused by this drug.

**EXHIBIT 1**

7.     The FDA issued a Black Box Warning about the harmful effects of the drug Jardiance on or about August 29, 2018.

8.     Defendant Boehringer has known about the harmful effects of the drug Jardiance for several years and has failed to disclose the effects to the FDA, the Plaintiff, and the public at large.

9.     Plaintiff used Jardiance and has suffered serious and permanent injuries requiring hospitalization and other medical care.

## FIRST CAUSE OF ACTION
### Strict Liability

Plaintiff realleges and readopts each and every allegation above, as if specifically plead herein, below.

10.     Jardiance was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution in the warnings, instructions and directions accompanying Jardiance, Defendant Boehringer failed to warn of the dangerous risks posed by this drug, including the risk of Fournier's Gangrene and scrotal cellulitis.

11.     The drug Jardiance was not manufactured as anticipated i.e. manufactured so that it would be safe for use by the Plaintiff and others.

12.     At all times alleged herein, Jardiance was defective, and Defendant Boehringer knew that this drug was to be used by consumers without inspection for defects. Moreover, Plaintiff, and his health care providers neither knew, nor had reason to know, at the time of Plaintiff's use of the drugs of the defects. Ordinary consumers would not have recognized the potential risks for which Defendant Boehringer failed to include the appropriate warnings.

13.     The defect in design existed when the product left Defendant Boehringer's possession.

2

**EXHIBIT 1**

14.     At the time Jardiance left the control of Defendant Boehringer, Defendant Boehringer knew or should have known the risks associated with use of Jardiance.

15.     As a result of Jardiance's defective condition, Plaintiff suffered personal injury.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in his favor for compensatory and punitive damages, together with interest, costs herein incurred, attorney fees, and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues herein contained be tried by a jury.

**SECOND CAUSE OF ACTION**
**Product Liability – Failure to Warn**

Plaintiff realleges and readopts each and every allegation above, as if specifically plead herein, below.

16.     Defendant Boehringer has engaged in the business of selling, distributing, supplying, manufacturing, marketing, and/or promoting Jardiance, and through that conduct has, knowingly and intentionally, placed this drug into the stream of commerce with full knowledge that it reaches consumers, such as Plaintiff, who ingested this product.

17.     Defendant Boehringer did in fact sell, distribute, supply, manufacture, and/or promote Jardiance to Plaintiff and to his prescribing physicians. Additionally, Defendant Boehringer expected the drug it was selling, distributing, supplying, manufacturing, and/or promoting to reach – and Jardiance did in fact reach – prescribing physicians and consumers, including Plaintiff and his prescribing physicians, without any substantial change in the condition of the product from when it was initially distributed by Defendant Boehringer Pharmaceuticals.

18.     At all times mentioned herein, the aforesaid product was defective and unsafe in manufacture such that it was unreasonably dangerous to the user and was so at the time it was distributed by Defendant Boehringer and ingested by Plaintiff. The defective condition of

3

**EXHIBIT 1**

Jardiance due in part to the fact that it was not accompanied by proper warnings regarding the possible side effects of Fournier's Gangrene and scrotal cellulitis, as a result of its use.

19.    This defect caused serious injury to Plaintiff, including Fournier's Gangrene and scrotal cellulitis.

20.    At all times herein mentioned, Defendant Boehringer had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings, and take such steps to assure that the product did not cause users to suffer from unreasonable and dangerous side effects.

21.    Defendant Boehringer negligently and recklessly labeled, distributed, and promoted the aforesaid product knowing that it was dangerous and unsafe for the use and purpose for which it was intended.

22.    Defendant Boehringer negligently and recklessly failed to warn of the nature and scope of the side effects associated with Jardiance.

23.    Defendant Boehringer was aware of the probable consequences of the aforesaid conduct.

24.    Despite the fact that Defendant Boehringer knew or should have known that Jardiance causes serious injuries, it failed to exercise reasonable care to warn of the dangerous side effect of Fournier's Gangrene and scrotal cellulitis from the use of Jardiance, even though this side effect was known or reasonably scientifically known at the time of distribution. Defendant Boehringer willfully and deliberately failed to avoid the consequences associated with its failure to warn, and in doing so, Defendant Boehringer acted with a conscious disregard for the safety of Plaintiff.

4

EXHIBIT 1

25.     Plaintiff could not have discovered any defect in the subject product through the exercise of reasonable care.

26.     Defendant Boehringer, as the manufacturer and/or distributor of the subject product, is held to the level of knowledge of an expert in the field.

27.     Plaintiff reasonably relied upon the skill, superior knowledge, and judgment of Defendant Boehringer.

28.     Had Defendant Boehringer properly disclosed the risks associated with Jardiance, Plaintiff would have avoided the risk of Fournier's Gangrene and scrotal cellulitis, by not using Jardiance.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in his favor for compensatory and punitive damages, together with interest, costs herein incurred, attorney fees, and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues herein contained be tried by a jury.

### THIRD CAUSE OF ACTION
### Negligence

Plaintiff realleges and readopts each and every allegation above, as if specifically plead herein, below.

29.     At all times material hereto, Defendant Boehringer had a duty to exercise reasonable care to consumers, including Plaintiff herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of Jardiance.

30.     Defendant Boehringer breached its duty of reasonable care to Plaintiff in that they negligently promoted, marketed, distributed, and/or labeled the subject product.

5

**EXHIBIT 1**

31.    Plaintiff's injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of Defendant Boehringer Pharmaceuticals, including, but not limited to, one or more of the following particulars:

a) In the design, development, research, manufacture, testing, packaging, promotion, marketing, sale, and/or distribution of the drug;

b) In failing to warn or instruct, and/or adequately warn or adequately instruct, users of the subject product, including Plaintiff herein, of these drugs' dangerous and defective characteristics;

c) In the design, development, implementation, administration, supervision, and/or monitoring of clinical trials for the subject product;

d) In promoting the subject product in an overly aggressive, deceitful, and fraudulent manner, despite evidence as to the product's defective and dangerous characteristics due to its propensity to cause cardiac arrhythmia, resulting in death.

e) In representing that the subject product was safe for its intended use when, in fact, the product was unsafe for its intended use;

f) In failing to perform appropriate pre-market testing of the subject product;

g) In failing to perform appropriate post-market surveillance of the subject product;

h) In failing to adequately and properly test Jardiance before and after placing it on the market;

i) In failing to conduct sufficient testing on Jardiance which, if properly performed, would have shown that Jardiance has the serious side effect of Fournier's Gangrene and scrotal cellulitis;

j) In failing to adequately warn Plaintiff and her healthcare providers that the use of the drug carried a risk of developing, causing Fournier's Gangrene and scrotal cellulitis; and

k) In failing to provide adequate post-marketing warnings or instructions after Defendant knew or should have known of the significant risk of Fournier's Gangrene and scrotal cellulitis associated with the use of Jardiance.

32.    In failing to adequately and timely inform Plaintiff and the healthcare industry of the risk of serious personal injury, namely irreversible.

**EXHIBIT 1**

33.    Defendant Boehringer knew or should have known that consumers, such as Plaintiff herein, would foreseeably suffer injury as a result of Defendant Boehringer Pharmaceuticals' failure to exercise reasonable and ordinary care.

34.    As a direct and proximate result of Defendant Boehringer Pharmaceuticals' carelessness, negligence, and gross neglect, Plaintiff suffered severe and permanent physical and emotional injuries, including, but not limited to Fournier's Gangrene and scrotal cellulitis, and resulting in hospitalization. Plaintiff has endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff seeks actual and punitive damages from Defendant Boehringer as alleged herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues herein be tried by a jury.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty

Plaintiff realleges and readopts each and every allegation above, as if specifically plead herein, below.

35.    Plaintiff first took the drug and during the period in which he used Jardiance, Defendant Boehringer expressly warranted that Jardiance was safe.

36.    Jardiance did not conform to these express representations because Jardiance was not safe and had an increased risk of serious side effects, including but not limited to Fournier's Gangrene and scrotal cellulitis, and resulting in Fournier's Gangrene and scrotal cellulitis, whether taken individually or in conjunction with other therapies.

7

**EXHIBIT 1**

37.    As a direct and proximate result of this wrongful conduct, Plaintiff was injured as described above.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor for compensatory and punitive damages, together with interest, costs herein incurred, attorney fees, and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues herein contained be tried by a jury.

### FIFTH CAUSE OF ACTION
### Breach of Implied Warranty

Plaintiff realleges and readopts each and every allegation above, as if specifically plead herein, below.

38.    At all times mentioned herein, Defendant Boehringer manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied, and/or sold Jardiance, and prior to the time that it was taken by Plaintiff, Defendant Boehringer impliedly warranted to Plaintiff that the subject product was of merchantable quality and safe and fit for the use for which it was intended.

39.    Plaintiff reasonably relied upon the skill, superior knowledge, and judgment of Defendant Boehringer.

40.    Plaintiff purchased and used the subject product for its intended purpose.

41.    Due to Defendant's wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks and side effects associated with the subject product until after she used it.

42.    Contrary to the implied warranty for the subject product, Jardiance was not of merchantable quality, and it was neither safe nor fit for its intended uses and purposes, as alleged herein.

8

**EXHIBIT 1**

43.    As a direct and proximate result of Defendant Boehringer's breach of implied warranty, Plaintiff suffered severe and permanent physical and emotional injuries, including, but not limited to Fournier's Gangrene and scrotal cellulitis. Plaintiff endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff demands actual and punitive damages from Defendant Boehringer as alleged herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor for compensatory and punitive damages, together with interest, costs herein incurred, attorney fees, and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues herein be tried by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant Boehringer Pharmaceuticals, Inc. as follows:

a)  For general (non-economic) and special (economic) damages in a sum in excess of Seventy- Five thousand Dollars ($75,000.00) the jurisdictional minimum of this Court;

b)  For medical, incidental, and expenses according to proof;

c)  For pre-judgment and post-judgment interest as provided by law;

d)  For compensatory damages in excess of the jurisdictional minimum of this Court;

e)  For consequential damages in excess of the jurisdictional minimum of this Court;

f)  For punitive damages in an amount in excess of $75,000.00 to impress upon Defendant Boehringer the seriousness of its conduct and to deter similar conduct in the future;

g)  For attorney fees, expenses, and costs of this action; and

h)  For such further relief as this Court deems necessary, just, and proper.

**EXHIBIT 1**

Respectfully submitted,

DANIEL M. DELLUOMO, OBA #11810
**DELLUOMO & CROW, PA**.
6812 N. Robinson Avenue
Oklahoma City, Oklahoma 73116
(405) 843-0400
(405) 843-5005 (fax)
**ATTORNEY FOR PLAINTIFF**

*JURY TRIAL DEMANDED*
*ATTORNEYS LIEN CLAIMED*

10

**EXHIBIT 1**